IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHELLEY GASTON,                )
                               )
        Plaintiff,             )
                               )
    v.                         )   No. 15 C 828
                               )
THOMAS DART, et al.,           )
                               )
        Defendants.            )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff Shelley Gaston (Gaston) alleges that he is disabled and has been incarcerated at the Cook County Jail (Jail) since September of 2012. Gaston claims that when he entered the Jail, medical personnel recognized that he required a wheelchair and daily prescription medication to prevent rejection of a transplanted organ. Gaston contends that there is an insufficient number of health care providers to attend to the health care needs of detainees and that he does not receive his anti-rejection medication in the manner ordered by medical staff. Gaston also contends

1

that he was provided with a wheelchair but was not assigned to a housing unit capable of accommodating his disabilities, and that as a result, he has great difficulty using the toilet, showering, transferring to his assigned bed, and accessing the common area facilities.

Gaston filed the instant action and includes in his complaint claims alleging a violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, *et seq.* and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and claims alleging a violation of 42 U.S.C. § 1983 (Section 1983). Gaston is suing Defendant Cook County and Defendant Thomas Dart (Dart) in his official capacity as the Sheriff of Cook County. Defendants now move to dismiss Gaston's complaint in its entirety.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496

F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

Defendants argue that Gaston's complaint should be dismissed, contending that Gaston fails to state a claim for which relief can be granted against either of the Defendants. (MTD 1).

I. Section 1983 Claims

Defendants argue that Gaston has failed to state a valid claim under Section 1983. (MTD. 3). A municipal entity can be held liable under Section 1983 only when the municipal entity "violates constitutional rights via an official policy or custom." *Wragg v. Village of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2010). For a Section 1983 *Monell* claim, a plaintiff must "show that his constitutional injury was caused 'by (1) the enforcement of an express policy of the [municipal entity], (2) a

widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority.'" *Id.* (quoting *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001)). Thus, when applying the different *Monell* theories of liability, a plaintiff is required to show that his injuries were "caused by the policies or practices complained of." *Id.* at 306; *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978)(referring to "the touchstone" of a Section 1983 action against a government body as "an allegation that official policy is responsible for a deprivation of rights protected by the Constitution"); *see Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985)(stating that "[p]roximate causation between the municipality's policy or custom and the plaintiff's injury must be present" in a Section 1983 claim).

To establish a Section 1983 claim for violating a plaintiff's due process right to adequate medical care, the plaintiff must demonstrate: (1) that he "had an objectively serious medical condition," (2) that "the defendants knew of the condition and were deliberately indifferent to treating [him]; and (3) that "this indifference caused [him] some injury." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)(citing *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008)).

In the complaint, Gaston alleges that when he entered the Jail in September of 2012, "medical personnel recognized that [he] required mycophenic acid (multiple times a day) and prograf (twice a day), to avoid rejection of a transplanted organ." (Compl. 2). Gaston claims that Defendants "have failed to employ a sufficient

4

number of health care providers to attend to the health care needs of detainees," and that such "shortage of health care providers has resulted in a widespread practice of depriving detainees of medication prescribed for serious health needs." (Compl. 2). Gaston further alleges that he has not been provided with life-essential medications "[a]s a result of this widespread practice," and that he has "incurred personal injuries" and suffers irreparable harm due to his alleged inability to receive his medication. (Compl. 2-3).

Defendants argue that Gaston fails to allege facts to show that enforcement of an alleged policy plausibly caused a constitutional deprivation of Gaston's rights or an ongoing denial of medical treatment. (MTD 4-5). Gaston alleges that he required life-essential medication to avoid rejection of a transplanted organ, that medical personnel were aware of his condition, and that he did not receive his medication in a timely manner as prescribed. Although Gaston fails to mention any more specific facts relating to the alleged untimely administration of his prescription medicine, he has pled sufficient facts to support a Section 1983 claim against Defendants at the pleading stage. Thus, the court is merely ruling at this juncture that Gaston has alleged sufficient facts, if accepted as true, that could plausibly suggest a policy or practice with respect to providing medications. At the summary judgment stage, Gaston will need to present evidence to support such facts and can no longer rely on the allegations in the complaint. Therefore, Defendants' motion to dismiss Gaston's Section 1983 claim is denied as it relates to the administration of Gaston's

5

medication.

## II. ADA and Rehabilitation Act Claims

Defendants argue that Gaston has failed to state a valid claim against Defendants under the ADA and Rehabilitation Act. (MTD. 6). To state a claim under Title II of the ADA, the plaintiff must prove: (1) "that he is a qualified individual with a disability," (2) "that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity," and (3) "that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)(quoting *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996)(internal quotations omitted); 42 U.S.C. § 12132. A claim under the Rehabilitation Act is "functionally identical" to a claim under the ADA, in that it requires the plaintiff to allege: (1) that "he is a qualified person," (2) "with a disability," and (3) "the [state agency] denied him access to a program or activity because of his disability." *Wagoner*, 778 F.3d at 592 (citing *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012)). However, "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Jaros*, 684 F.3d at 671.

A. ADA

Defendants argue that Gaston's ADA claim should be dismissed because it fails to allege facts to support all elements of an ADA claim, as required by *Iqbal*. (MTD 6). The complaint alleges that Gaston is disabled and "requires a wheelchair to move from place to place." (Compl. 1). Gaston claims that Defendants have deprived him of his rights under the ADA and the Rehabilitation Act by failing to assign him to a housing unit capable of accommodating his disabilities. (Compl. 2). Gaston also argues that his housing assignment "denied [him] access to toilet, shower, and sink." (Resp. 6). The Seventh Circuit has held that "[a]dequate food and facilities to wash and use the toilet are among the 'minimal civilized measure of life's necessities'" that must be afforded to prisoners. *Jaros*, 684 F.3d at 670 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); (Resp. 4). However, Gaston's factual allegations do not state that the Jail did not afford him such facilities. Nor does Gaston indicate that he was unable to use the bathroom, shower, or otherwise adequately use the prison facilities. Gaston merely states that he used the toilets and showers in the Jail with "great difficulty." (Compl. 2). Gaston fails to sufficiently allege any deprivation of necessities. *See Jaros*, 684 F.3d at 671 (finding that the alleged conditions of plaintiff's confinement did not deprive him of life's necessities).

Moreover, the Seventh Circuit has held that the ADA "would not be violated

by a prison's simply failing to attend to the medical needs of its disabled prisoners." *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). In this case, Gaston also fails to allege any instances of discrimination. *See id.* (finding that no discrimination was alleged where paraplegic plaintiff failed to show that he was treated any worse because he was disabled). Similar to the plaintiff in *Bryant*, Gaston's complaint is essentially alleging that "he was not given special accommodation," rather than actually being "excluded from some prison service, program, or activity." *Id.* (explaining that inmate's complaint amounted to "incompetent treatment of his paraplegia"). Thus, Gaston also fails to state a viable claim under the ADA since he fails to allege that he was denied access to any activities because of his disability. *Id.* (finding that "the ADA does not create a remedy for medical malpractice"). Therefore, Defendants' motion to dismiss the ADA claim is granted.

B. Rehabilitation Act

Defendants also argue that Gaston's Rehabilitation Act claim should be dismissed because it fails to specify that the activities from which Gaston was allegedly excluded received federal funds. (MTD 6). Gaston asserts that he "is not required to allege the federal funding element of a Rehabilitation Act claim," and cites to *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014) to support this premise, in which the Supreme Court held that a complaint did not need to expressly invoke Section 1983. (Resp. 11). However, Gaston fails to cite to any precedent

8

which would lead to such an interpretation for an ADA or Rehabilitation Act claim. As the plaintiff, Gaston "must plead facts which plausibly (even if improbably) support *each element* of his claim." *Jaros*, 684 F.3d at 672 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(emphasis added). Therefore, since Gaston has failed to plead facts to support each and every element of his Rehabilitation Act claim, and for the same reasons that the ADA claim fails, Defendants' motion to dismiss the Rehabilitation Act claim is granted.

## CONCLUSION

Based upon the foregoing analysis, Defendants' motion to dismiss is granted as to the ADA and the Rehabilitation Act claims, and denied as to the Section 1983 claims.

*[signature]*

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 25, 2015