# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHELLEY GASTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 15 C 828 |
| THOMAS DART, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss Plaintiff's amended complaint. For the reasons stated below, the partial motion to dismiss is denied.

## BACKGROUND

Plaintiff Shelley Gaston (Gaston) alleges that he was a pre-trial detainee at the Cook County Jail (Jail) from September of 2012 until July of 2015. Gaston claims that he is a disabled individual and that when he entered the Jail, medical personnel recognized that he required a wheelchair and daily prescription medication to prevent rejection of a transplanted organ. Gaston contends that there was an insufficient number of health care providers to attend to the health care needs of detainees and

that he did not receive his anti-rejection medication in the manner ordered by medical staff. Gaston also contends that he was provided with a wheelchair but was not assigned to a housing unit capable of accommodating his disabilities, and that as a result, he was unable to use the Jail's toilets, showers, beds, or common area facilities on the same basis as other detainees.

Gaston filed the instant action and includes in his amended complaint claims alleging violations of Section 202 of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and 42 U.S.C. § 1983 (Section 1983). Gaston is suing Defendant Cook County and Defendant Thomas Dart (Dart) in his official capacity as the Sheriff of Cook County. Defendants now move to dismiss Gaston's ADA and Rehabilitation Act claims.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496

F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted)**.**

## DISCUSSION

Defendants argue that Gaston has failed to state a valid claim against Defendants in their official capacities under the ADA and Rehabilitation Act. (MTD. 3). To state a claim under Title II of the ADA, the plaintiff must prove: (1) "that he is a qualified individual with a disability," (2) "that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity," and (3) "that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)(quoting *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996)(internal quotations omitted); 42 U.S.C. § 12132. A claim under the Rehabilitation Act is "functionally identical" to a claim under the ADA, in that it requires the plaintiff to allege: (1) that "he is a qualified person," (2) "with a disability," and (3) "the [state agency] denied him access to a program or activity

3

because of his disability." *Wagoner*, 778 F.3d at 592 (citing *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012)). Moreover, the analysis of both the ADA and the Rehabilitation Act "is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Jaros*, 684 F.3d at 671.

I.   ADA Claims

Defendants argue that Gaston's ADA claim should be dismissed because Gaston fails to allege facts that plausibly support the third element of his claim. (MTD 4). Specifically, Defendants contend that Gaston has failed to plead the required element of "a *denial* of access to programs, services and activities on account of a person's disability." (MTD 4)(emphasis in original). The amended complaint alleges that Gaston is disabled and "requires a wheelchair to move from place to place." (A Compl. 1). Gaston claims that Defendants have deprived him of his rights under the ADA and the Rehabilitation Act by failing to assign him to a housing unit capable of accommodating his disabilities. (A Compl. 2). Gaston also argues that he "was unable to use the jail's toilets, showers, beds, or common area facilities on the same basis as other detainees." (A Compl. 3).

The Seventh Circuit has held that "[a]dequate food and facilities to wash and use the toilet are among the 'minimal civilized measure of life's necessities'" that must be afforded to prisoners. *Jaros*, 684 F.3d at 670 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Moreover, the Seventh Circuit has reasoned that while

4

"incarceration is not a program or activity, the meals and showers made available to inmates are." *Jaros*, 684 F.3d at 667 (stating that "[r]efusing to make reasonable accommodations is tantamount to denying access"). In this case, Gaston has alleged that he has a disability which Defendants were aware of, and that he was unable to use the Jail's facilities on the same basis as other detainees. Thus, Gaston has alleged sufficient facts, which must be accepted as true at this juncture, to state a valid ADA claim against Defendants. *See id.* (holding that plaintiff's claims of a "refusal to accommodate [inmate]'s disability [which] kept him from accessing meals and showers on the same basis as other inmates" were sufficient to "plead a plausible claim for failure to make reasonable accommodations under the Rehabilitation Act"); (Resp. 3). However, at the summary judgment stage, Gaston will need to point to sufficient evidence to support his claims. Therefore, Defendants' motion to dismiss the ADA claim is denied.

## II. Rehabilitation Act Claims

Defendants also argue that Gaston's Rehabilitation Act claim should be dismissed for failure to plead that he was denied access to any programs. (MTD 4-5). As noted above, the analysis of a claim under the Rehabilitation Act is the same as a claim under the ADA, except for an additional element of the receipt of federal funds. As stated above, the court has found that Gaston has pled sufficient facts to allege an ADA claim at this juncture. In addition, Gaston has alleged the additional required element that Defendant Dart "has received federal funds since at least

2003." (A Compl. 2). Thus, Gaston has alleged the required elements and sufficient facts, which must be accepted as true at this juncture, to state a valid claim under the Rehabilitation Act. *See Jaros*, 684 F.3d at 672 (plaintiff "must plead facts which plausibly (even if improbably) support each element of his claim")(citing *Iqbal*, 556 U.S. at 662). Therefore, Defendants' motion to dismiss the Rehabilitation Act claim is denied.

## CONCLUSION

Based upon the foregoing analysis, Defendants' partial motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  February 16, 2016